1  **BURSOR & FISHER, P.A.**
   L. Timothy Fisher (State Bar No. 191626)
2  Frederick J. Klorczyk III (State Bar No. 320783)
   Thomas A. Reyda (State Bar No. 312632)
3  1990 North California Blvd., Suite 940
   Walnut Creek, CA 94596
4  Telephone: (925) 300-4455
5  Facsimile: (925) 407-2700
   E-Mail: ltfisher@bursor.com
6          fklorczyk@bursor.com
           treyda@bursor.com
7
8  *Attorneys for Plaintiff*

9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12 | CARRIE BEETS, on behalf of herself | Case No.  16-cv-05642-CAS-KS
   | and all others similarly situated, |
13 |                                    | **PLAINTIFF'S NOTICE OF**
   |                      Plaintiff,    | **MOTION AND MOTION FOR**
14 |                                    | **MODIFICATION OF THE**
   |            v.                      | **SCHEDULING ORDER**
15 |                                    |
   | MOLINA HEALTHCARE, INC.,           | Date:  February 25, 2019
16 |                                    | Time:  10:00 a.m.
   |                      Defendant.    | Courtroom 8D
17 |                                    |
   |                                    | Hon. Christina A. Snyder
18

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 25, 2019 at 10 a.m. or as soon thereafter as counsel may be heard by the above-captioned Court, in Courtroom 8D, on the 8th Floor of the First Street Courthouse, 350 W. First Street, Courtroom Los Angeles, CA 90012, Plaintiff Carrie Beets ("Plaintiff") will and hereby does move the Court for an order modifying the pretrial scheduling order to extend Plaintiff's deadline to file her motion for class certification from February 22, 2019, to May 24, 2019.

This Motion is based on this Notice of Motion and Motion, the Declaration of Thomas A. Reyda and exhibits thereto, filed herewith, the pleadings and papers on file herein, and upon such matters as may be presented to the Court at the time of the hearing. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on both January 8 and 14, 2019.

The undersigned requests oral argument in the event that timely opposition papers are filed.

Dated:  January 21, 2019         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   /s/Thomas A. Reyda
          Thomas A. Reyda

L. Timothy Fisher (State Bar No. 191626)
Frederick J. Klorczyk III (State Bar No. 320783)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
            fklorczyk@bursor.com
            treyda@bursor.com

*Attorneys for Plaintiff*

## I. INTRODUCTION

This is a putative class action brought by Plaintiff Carrie Beets ("Plaintiff") on behalf of people who received calls from Defendant Molina Healthcare, Inc. ("Defendant" or "Molina"), in violation of the Telephone Consumer Protection Act ("TCPA"). *See generally* ECF No. 1. Even though the class period dates back to 2012, Defendant refuses to produce documents and other responsive information other than those related to a single automatic telephone dialing campaign from June 2016 – out of hundreds of dialing campaigns it ran during the putative class period. Moreover, Defendant's further thwarted its discovery obligations by searching for calls only made by the Healthcare Management Group. As a result, Defendant has produced 4,866 pages of information related to the single campaign in June 2016 despite the existence of over 100 other campaigns since 2016 alone where similar telephone technology was used. Despite Plaintiff's diligent pursuit of discovery in this action, discovery necessary to Plaintiff's motion for class certification remains outstanding.

The current scheduling order requires Plaintiff to file her motion for class certification no latter than February 22, 2019. Without the outstanding discovery, it is impossible for the parties or the Court to undertake the rigorous analysis necessary to decide certification. "The class action determination can only be decided after the district court undertakes a 'rigorous analysis' of the prerequisites for certification." *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011)). Accordingly, Plaintiff asks the Court to modify the scheduling order to extend Plaintiff's deadline to move for class certification from February 22, 2018 to May 24, 2018.

## II. FACTUAL BACKGROUND

Defendant began its production of documents on September 7, 2018, and completed its intended production on October 31, 2018. Reyda Decl. ¶ 2. Plaintiff's counsel met and conferred with Defendant regarding identified deficiencies on

PLAINTIFF'S MOTION FOR MODIFICATION OF THE SCHEDULING ORDER     1
CASE NO. 16-CV-05642-CAS-KS

September 17, 2018 and October 10, 2018. *Id*. On October 11, 2018, Plaintiff drafted and sent a L.R. 37-1 letter to initiate a discovery dispute regarding Defendant's production deficiencies. *Id*. Ex. A (10/11/18 Letter). On October 22, 2018, Defendant responded "[a]s you know, there is no discovery cutoff provided for in the court's scheduling order in this matter, and your class certification motion is not due until February 22, 2019." *Id.* Ex. B (10/22/18 Letter). Defendant followed up indicating that "we do not believe the parties are at an impasse on the issues you have raised. We remain willing to meet and confer in order to reach a mutually acceptable resolution." *Id*. Nonetheless, Defendant claimed that Plaintiff's letter was insufficient under L.R. 37-1. *Id*.

Thereafter, Plaintiff sought to pursue "mutually acceptable resolution" to Defendant's discovery objections, but failed to successfully come to terms with Defendant. *Id*. ¶ 5. On December 21, 2018, Plaintiff served a second L.R. 37-1 letter on Defendant further detailing the discovery dispute. *Id*. Ex. C. The parties thereafter met and conferred repeatedly to resolve this discovery dispute without Court involvement. The parties met and conferred on January 2, January 4, and January 8, 2019. *Id*. ¶ 7. During the January 4 meet and confer, Defendant offered to provide Plaintiff with additional information regarding the nature of telephone dialing campaigns it runs. *Id*. Plaintiff agreed to hold off on involving the Court to review this additional information. *Id*. On January 8, 2019, Defendant provided Plaintiff with some of this campaign information verbally over the phone and requested additional time to put this information into a letter format. *Id*. Plaintiff agreed, but indicated her intent to seek a modification of the scheduling order given the looming class certification deadline of February 22, 2018. *Id*. At this time, Defendant could not indicate whether it would oppose such a motion. *Id*.

Defendant provided Plaintiff with the letter in question on Friday January 11, 2019. *Id*. The Parties met and conferred on January 14, 2019, wherein Plaintiff

maintained her discovery position and reasserted her intention to seek a modification of the scheduling order. *Id*. ¶ 8. Defendant again requested additional time to respond, and on January 18, 2019, served Plaintiff with a letter (1) detailing its discovery position and (2) indicating that it would oppose Plaintiff's request for modification to scheduling order. *Id*. Ex. D.

Plaintiff intends to initiate Magistrate Judge Stevenson's discovery dispute mechanism at the earliest possible time. *Id*. ¶ 9. Magistrate Judge Stevenson's standing order requires the parties to meet and confer immediately before contacting the clerk to schedule a telephonic meet and confer with the Court. Defendant is not available to meet and confer until tomorrow, January 22, 2019. *Id*. Plaintiff intends to initiate the discovery process at that time. *Id*. Plaintiff files this motion to modify the scheduling order now, so that it may be heard before Plaintiff's looming class certification deadline of February 22, 2019. For the reasons set forth below, Plaintiff seeks a modification of the scheduling order to extend her deadline to file the motion for class certification by three months from February 22, 2019 to May 24, 2019.

### III. PLAINTIFF'S PROPOSED MODIFICATION IS SUPPORTED BY GOOD CAUSE PURSUANT TO RULE 16(b)

"A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha,* 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002)). At its core, "Rule 16(b)'s 'good cause' standard primarily considers the <u>diligence</u> of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (emphasis added). "Good cause means scheduling deadlines cannot be met despite [a] party's diligence." *Id.* (internal quotation omitted). Plaintiff meets this burden.

Plaintiff has diligently sought to obtain the discovery it needs to pursue its motion for class certification. *See supra* Section 2. At the time of the scheduling

1  order was issued, Plaintiff could not foresee that Defendant would take the position it
2  has with regards to necessary class discovery.  Indeed, Defendant has denied Plaintiff
3  necessary discovery whilst representing that "we do not believe the parties are at an
4  impasse on the issues you have raised.  We remain willing to meet and confer in order
5  to reach a mutually acceptable resolution."  Reyda Decl. Ex. B.  Despite Plaintiff's
6  numerous attempts to reach a resolution, Defendant now contends that Plaintiff has
7  not been diligent.  *See id*. Ex. D.

8       According to Defendant, Plaintiff unreasonably delayed in disclosing the exact
9  contours of the class she intends to represents.  *See id*.   But it is entirely appropriate
10 for Plaintiff to narrow the definition of the Class she seeks to represent prior to her
11 motion for class certification.  *See Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D.
12 303, 306 (S.D. Cal. 2015) (approving a "new [class] definition [disclosed at class
13 certification because it] is simply a narrower version of the class definition presented
14 in the TAC[.]"); *see also Zaklit v. Nationstar Mortg. LLC*, 2017 WL 3174901, at *8
15 (C.D. Cal. July 24, 2017) ("This Court is unpersuaded that consideration of the
16 revised class definition in the Plaintiff's Motion is inappropriate") (J. Snyder).
17 Plaintiff has no obligation to provide Defendant with such details prior to moving for
18 class certification.  Instead, it is Defendant's obligation to comply with discovery
19 requests relevant to class certification issues identified in the complaint, such as the
20 scope of the class.  Rather that complying with these discovery obligations,
21 Defendant has substituted its judgment for that of the Court in determining not only
22 what is and what is not relevant to class certification, but also what classes Plaintiff
23 can ultimately certify.  That is improper.  *Cahill v. GC Servs. Ltd. P'ship*, 2018 WL
24 1791910, at *3 (S.D. Cal. Apr. 16, 2018) ("A discovery dispute [] is not the vehicle to
25 litigate the merits of Plaintiff's personal claims against Defendant.").

26      As will be addressed in front of Judge Stevenson, it is not Defendant's place to
27 define the contours of the putative class.  Defendant concedes that it called Plaintiff
28

using a telephonic dialing system as part of a June 2016 outreach campaign when it intended to reach a different person.  Certification of a wrong number class concerning such factual circumstance is relatively common.  In *West v. California Services Bureau, Inc.*, 323 F.R.D. 295 (N.D. Cal. 2017), Judge Gonzalez-Rogers certified a "Cell Phone Wrong Number Class" under both Rule 23(b)(2) and 23(b)(3) alleging claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").  By definition, call recipients in a "wrong number" class did not consent to receive calls, thereby defeating any argument that individualized issues of consent preclude certification under Rule 23(b)(3).  *See id.* at 301-302; *see also, e.g., Lavigne v. First Comm. Bancshares, Inc.*, 2018 WL 2694457, at *3 (D.N.M. June 5, 2018) (certifying wrong number class against bank).  Indeed, courts also routinely certify classes that consist of multiple telephone dialing system campaigns.  *W. Loop Chiropractic & Sports Injury Ctr., Ltd. v. N. Am. Bancard, LLC*, 2017 WL 404896, at *1 (N.D. Ill. Jan. 30, 2017). *See also Alpha Tech Pet, Inc. v. Lagasse*, 2016 WL 4678316 (N.D. Ill. Sept. 7, 2016); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, LLC*, 2012 WL 6106714 (N.D. Ill. Dec. 6, 2012); *Bridgeview Health Care Center, Ltd. v. Clark*, 2011 WL 4628744 (N.D. Ill. Sept. 30, 2011); *Hinman v. M and M Rental Center, Inc.,* 545 F. Supp. 2d 802 (N.D. Ill. 2008).

Regardless, Defendant overlooks that any wrong number class is merely a narrowing of the automatic telephone dialing class identified in paragraph 20 of Plaintiff's complaint.  ECF No. 1.  As discussed above, it is appropriate for Plaintiff to narrow her proposed class over the course of discovery.  Indeed, one of the primary purposes of discovery in class action cases is to furnish Plaintiff with information sufficient to determine the scope of the putative class and Plaintiff's adequacy as a class representative.  "Consequently, the discovery must be broad enough to give the plaintiffs a realistic opportunity to meet [the certification] requirements."  *U.S. E.E.O.C. v. ABM Indus. Inc.*, 2008 WL 5385618, at *4 (E.D. Cal. Dec. 23, 2008)

PLAINTIFF'S MOTION FOR MODIFICATION OF THE SCHEDULING ORDER
CASE NO. 16-CV-05462-CAS-KS
5

(quotation omitted). Without discovery into the other campaigns Defendant ran, the Court cannot "undertake[] a 'rigorous analysis' of the prerequisites for certification." *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011)). Such a result would allow Defendant to preemptively defeat class certification because it decided to withhold necessary discovery.

Plaintiff has diligently pursued discovery up to this point in time and has now diligently moved to modify the scheduling order in advance of the deadline contemplated therein. Defendant cannot reasonably claim a modification to the scheduling order causes prejudice. Fact discovery remains open regardless of the modification. *See McNamee v. Roman Catholic Diocese of Sacramento*, 2013 WL 5739098, at *3 (E.D. Cal. Oct. 22, 2013) ("there is no evidence of risk of prejudice to Defendants, as discovery does not close for an additional seven months and Plaintiff has not yet been deposed."). Modification to the scheduling order will merely allow the parties to address the outstanding discovery disputes and afford Defendant the opportunity to oppose Plaintiff's motion to compel in full. Accordingly, modification of the scheduling order to extend Plaintiff's deadline to move for class certification from February 22, 2018 to May 24, 2018, is appropriate.

Dated: January 21, 2019         Respectfully submitted,

                                **BURSOR & FISHER, P.A.**

                                By:   /s/Thomas A. Reyda
                                         Thomas A. Reyda

| | |
|---|---|
| 1 | L. Timothy Fisher (State Bar No. 191626) |
| 2 | Frederick J. Klorczyk III (State Bar No. 320783) |
| | Thomas A. Reyda (State Bar No. 312632) |
| 3 | 1990 North California Blvd., Suite 940 |
| | Walnut Creek, CA  94596 |
| 4 | Telephone: (925) 300-4455 |
| | Email:  ltfisher@bursor.com |
| 5 |          fklorczyk@bursor.com |
| |          treyda@bursor.com |

*Attorneys for Plaintiff*